# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | SITTING JUDGE IF OTHER THAN ASSIGNED JUDGE | |
|---|---|---|---|
| CASE NUMBER | 03 C 6123 | DATE | JULY 7, 2004 |
| CASE TITLE | SALVADOR PONCE, etc., et al. v. TIM'S TIME, INC. and TIMOS MANTAS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for **SEPTEMBER 15, 2004 at 11:00 a.m.**

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for sanctions [21] is denied. Plaintiffs' motion to authorize notice [29] is granted in part and denied in part. Notice substantially in the form shown in Appendix A of today's ruling shall be mailed out by no later than August 13, 2004. All consents to opt-in shall be filed by no later than October 15, 2004.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 0 8 2004 | |
| | Notified counsel by telephone. | | date docketed | 33 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | 2004 JUL -7 PM 4:55 | | |
| | Copy to judge/magistrate judge. | | July 7, 2004 | |
| | | | date mailed notice | |
| cw | courtroom deputy's initials | FILED-EDI | mqm | |
| | | Date/time received in central Clerk's Office | mailing initials | |

SALVADOR PONCE, on behalf of )
himself and all other employees )
similarly situated, known and )
unknown, )
                                   )
                 Plaintiffs, )
                                   )
    v.                           )   No. 03 C 6123
                                   )
TIM'S TIME, INC. and )
TIMOS MANTAS, )
                                   )
               Defendants. )

## MEMORANDUM OPINION AND ORDER

In this case, plaintiffs allege that defendants Tim's Time, Inc. and Timos Mantas own and operate a restaurant known as Dappers South. Defendants allegedly failed to pay plaintiffs overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and the overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a. There is also a claim pursuant to the Illinois Wage Payment and Collection Act that defendants failed to pay plaintiff Salvador Ponce vacation pay that he was due. Presently pending are plaintiffs' motions for sanctions under Fed. R. Civ. P. 37 and for an order authorizing notice to similarly situated persons pursuant to § 216(b).

33

The Rule 37 motion will be considered first. Plaintiffs complain that defendants have failed to provide time cards for other similarly situated employees. Plaintiffs contend that defendants should be precluded from presenting any witness's testimony as to hours actually worked by employees. Defendants contend that they have provided all the time cards that they presently possess.[1] Plaintiffs point to a Department of Labor ("DOL") investigation indicating that, in 2003, there may have been additional time card records. Plaintiffs also point to evidence that, in 2003, the DOL advised defendants it was required to keep records. Plaintiffs also point to defendants' counsel statement during a hearing on plaintiffs' second motion to compel that it would be burdensome to provide such records. The context of that statement, however, does not necessarily indicate that counsel was speaking with knowledge of what records actually existed. Defendants continue to deny that they have any further records.[2]

Certainly, time cards existed at one time. After having been sanctioned once by the DOL, it is also surprising that defendants do not have time card records from the period after

---

[1] Neither side provides the actual responses to the pertinent document request and/or interrogatory.

[2] Apparently, neither side has yet obtained records from ADP, which processed defendants' payroll. However, ADP records apparently would not include the actual time cards, nor records of any one paid in cash.

the investigation. However, it cannot be found that plaintiffs have conclusively shown that defendants presently possess time cards that have not been disclosed in discovery. No Rule 37 sanction will be imposed. However, defendants will not be permitted to present as evidence, any time cards or other evidence of hours that was not disclosed in discovery. Also, plaintiffs are not precluded from presenting evidence of defendants' deficient recordkeeping, even in light of directives from the DOL, as evidence of willful misconduct and as a means of attacking the credibility of any witness defendants may present regarding hours worked.

The class action rules of Fed. R. Civ. P. 23 do not apply to FLSA claims. Plaintiffs move to send notice to an opt-in class as provided in § 216(b). See generally Nunez v. Pizza Nova, Inc., 2003 WL 23150111 *1 (N.D. Ill. Dec. 30, 2003). Defendants were provided an opportunity to oppose the motion and did not file any opposition. Plaintiffs have adequately satisfied the requirement of "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Id. (quoting Flores v. Lifeway Foods, Inc., 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003)). Plaintiffs will be permitted to send notice. Notice is to be sent substantially in the form shown in Appendix A of today's ruling. Also, plaintiffs are to produce a

Spanish translation of the notice, which they shall provide to defendants within two weeks. Both the English and Spanish versions shall be sent to all potential opt-ins. Prior to sending the notices, plaintiffs shall file with the Clerk of the Court a copy of both versions of the notice.

The notice is to be mailed out by no later than August 13, 2004 and the consents to opt-in are to be filed by no later than October 15, 2004. To the extent plaintiffs do not already have all the necessary addresses for current and former employees, defendants shall fully cooperate in providing the addresses.

IT IS THEREFORE ORDERED that plaintiffs' motion for sanctions [21] is denied. Plaintiffs' motion to authorize notice [29] is granted in part and denied in part. Notice substantially in the form shown in Appendix A of today's ruling shall be mailed out by no later than August 13, 2004. All consents to opt-in shall be filed by no later than October 15, 2004. A status hearing will be held on September 15, 2004 at 11:00 a.m.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: JULY 7, 2004

IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION


SALVADOR PONCE, on behalf of        )
himself and all other employees     )
similarly situated, known and       )
unknown,                            )
                                    )
                  Plaintiffs,       )
                                    )
     v.                             )   No. 03 C 6123
                                    )
TIM'S TIME, INC. and                )   Judge William T. Hart
TIMOS MANTAS,                       )
                                    )
                                    )
                  Defendants.       )

---

## IMPORTANT NOTICE OF YOUR RIGHT TO JOIN AS A PLAINTIFF IN A LAWSUIT SEEKING TO RECOVER OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT

---

**TO:** Present and Former Employees of **Dapper's South Restaurant**, 3131 North Thatcher Avenue, River Grove, Illinois, Who Have Worked as a Cook, Busboy, or Dishwasher During The Past Three (3) Years

---

1.  **INTRODUCTION**

The purpose of this Notice is to inform you of the existence of a collective action lawsuit, in which you may join as a plaintiff, to advise you of how your rights may be affected by this suit, and to instructing you on the procedure for joining in this lawsuit should you choose to do so.

2.  **DESCRIPTION OF THE LAWSUIT**

Plaintiffs Salvadore Ponce, Jorge Palma, Delfino Ramirez and Gaudalupe Gonzales have brought this lawsuit against Defendants

Tim's Time, Inc. (Dapper's South Restaurant) and Timos Mantas alleging that, regarding certain employees, Defendants have not been paying overtime wages for hours worked in excess of forty (40) hours a week.

The Fair Labor Standards Act requires that employees be paid one and one-half times their regular hourly wage for all work over 40 hours in any workweek. Plaintiffs claim that Defendants failed to pay them overtime, and further claim that they are entitled to recover unpaid overtime pay for the three (3) years before this suit was brought, because the actions of Defendants were willful. Plaintiffs also seek an additional equal amount as liquidated damages and/or prejudgment interest, attorney's fees, and costs. No trial date has yet been set in this case.

3. **WHO MAY JOIN THE LAWSUIT**

If you are a current or former employee of Defendants who worked as a cook, busboy, or dishwasher, and you believe that, some time during the past three years, you were denied overtime pay despite working more than 40 hours in a week, you have a right to join this lawsuit.

4. **YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT**

If you believe that you were denied overtime pay, you may join this suit (that is, you may "opt in" to the lawsuit) by mailing or delivering the Consent To Become Party Plaintiff form (the blue form attached to this Notice) to Plaintiff's attorney at the following address:

ATTN: Douglas M. Werman
The Law Office of Douglas M. Werman
77 West Washington, Suite 1801
Chicago, Illinois   60601
312/419-1008

Your completed and signed Consent form should be sent to the above address in sufficient time to have Plaintiffs' attorney file it with the federal court on or before October 15, 2004. If you fail to return the Consent from to Plaintiffs' counsel in time for it to be filed with the federal court on or before that deadline, you may not be able to participate in this lawsuit. That means you bear the risk of any non-delivery or delay in delivery of the Consent form.

APPENDIX - 2

If you file a Consent form, your continued right to participate in this lawsuit may depend upon a later decision by the District Court that you and other Plaintiffs are actually "similarly situated" in accordance with federal law.

5. **EFFECT OF JOINING THIS SUIT**

If you choose to join in the suit, you will become a Party Plaintiff in this case. You will be required to participate in discovery proceedings, including providing information and appearing for a deposition if such is requested of you. You may also be required to appear and testify at the trial of this case. In any event, if you choose to join this lawsuit, you will be bound by any judgment entered in the case, whether it is favorable or unfavorable.

6. **IF YOU CHOOSE NOT TO JOIN THIS SUIT**

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. If you choose not to join in this lawsuit, you are free to file your own lawsuit.

7. **NO RETALIATION AGAINST YOU IS PERMITTED**

Federal law prohibits Defendants from discharging you from employment or taking any other adverse employment action against you because you have exercised your legal right to join this lawsuit or because you have exercised your rights under the Fair Labor Standard Act.

8. **YOUR LEGAL REPRESENTATION IF YOU JOIN**

Plaintiffs' attorneys, Douglas M. Werman and Jamie G. Sypulski, will represent you should you elect to join this lawsuit. Your attorneys may be entitled to receive the payment of attorney's fees and costs from Defendants should there be a recovery or judgment in your favor. If there is no recovery or judgment in your favor, you will not be responsible for any attorney's fees, but you may be responsible for certain costs of litigation.

9. **FURTHER INFORMATION**

Further information about this Notice, or the deadline for filing a Consent form, or other questions about this lawsuit may be obtained by writing or telephoning Plaintiffs' attorneys at the number and address stated above. Further information about this

lawsuit may also be obtained by reviewing the court file in the Clerk's Office, 20th Floor, 219 South Dearborn Street, Chicago, Illinois.


**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. THE FEDERAL DISTRICT COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFFS' CLAIMS OR OF DEFENDANTS' DEFENSES. PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT. THEY CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS NOTICE.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SALVADOR PONCE, on behalf of )
himself and all other employees )
similarly situated, known and )
unknown, )
 )
 )
 Plaintiffs, )
 )
 v. ) No. 03 C 6123
 )
TIM'S TIME, INC. and )
TIMOS MANTAS, )
 )
 Defendants. )

**NOTICE OF CONSENT TO BECOME A PARTY**
**PLAINTIFF IN A COLLECTIVE ACTION UNDER**
**THE FAIR LABOR STANDARDS ACT**

By my signature below I represent to the Court that I have been employed by Tim's Time, Inc. (Dapper's South Restaurant) and Timos Mantas, as a cook, busboy, or dishwasher, within the prior three (3) years, that I have worked in excess of forty (40) hours in individual workweeks, and that I believe I have not been paid all overtime wages owed to me. I authorize through this Consent the prosecution of this lawsuit in my name and on behalf of similarly-situated persons.

My name is:_____(print your name)

My address is:_____(street address)

                _____ (city, state, zip code)

Your signature:_____

Date:_____

**MAIL TO:**

Douglas M. Werman (Attorney for Plaintiffs)
The Law Office of Douglas M. Werman
77 West Washington, Suite 1801
Chicago, Illinois   60601
312/419-1008