IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SALVADOR PONCE, JORJE PALMA, )
DELFINO RAMIREZ, and )
GUADALUPE GONZALES, )
 )
        Plaintiffs, )
 )
  v. ) No. 03 C 6123
 )
TIM'S TIME, INC. and )
TIMOS MANTAS, )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendants Tim's Time, Inc. and Timos Mantas operate a restaurant known as Dapper South. Plaintiffs Salvador Ponce, Jorge Palma, Delfino Ramirez, and Guadalupe Gonzales are former employees at Dapper South. Plaintiffs claim defendants failed to pay them overtime which they were entitled to receive under the Fair Labor Standards Act, 29 U.S.C. § 207, and the Illinois Minimum Wage Law, 820 ILCS 105/4a. Presently pending is plaintiffs' motion for summary judgment.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the

nonmovant. Eiencorp, Inc. v. Rocky Mountain Radar, Inc., 398 F.3d 962, 965 (7th Cir. 2005); Estate of Moreland v. Dieter, 395 F.3d 747, 758 (7th Cir.), cert. denied, 125 S. Ct. 2915 (2005); Hall v. Bennett, 379 F.3d 462, 464 (7th Cir. 2004); Hudson v. Chicago Transit Authority, 375 F.3d 552, 558 (7th Cir. 2004). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001); Wollin v. Gondert, 192 F.3d 616, 621-22 (7th Cir. 1999). The nonmovant, however, must make a showing sufficient to establish any essential element for which he or it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Binz v. Brandt Construction Co., 301 F.3d 529, 532 (7th Cir. 2002); Traylor v. Brown, 295 F.3d 783, 790 (7th Cir. 2002). As to items for which the burden of proof rests solely on the nonmovant, the movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See Yasak v. Retirement Board of Policemen's Annuity & Benefit Fund of Chicago, 357 F.3d 677, 679 (7th Cir. 2004); NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir.), cert. denied, 515 U.S. 1104 (1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 476-77 (7th Cir.), cert. denied, 488 U.S. 852 (1988); Kemp ex rel.

Estate of Kemp v. Western Oilfields Supply Co., 2005 WL 1041323 *1 (N.D. Ill. March 24, 2005); Shyman v. UNUM Life Insurance Co. of America, 2004 WL 609280 *2 (N.D. Ill. March 25, 2004). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" Logan, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." Id. (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate

> a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" Logan, 96 F.3d at 978 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

Outlaw, 259 F.3d at 837.

There is no genuine factual dispute that, even after being investigated by the Department of Labor and ordered to pay overtime, defendants failed to keep and retain time records as required by law. The burden is on plaintiffs to show that they worked overtime and were not compensated. Grochowski v. Phoenix Construction, 318 F.3d 80, 87 (2d Cir. 2003). Where, the employer fails to keep accurate records as required by the FLSA, the employee needs to provide evidence from which the amount of hours worked may be reasonably inferred. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946); Grochowski, 318 F.3d at 87-88; Reich v. Southern New England Telecommunications Corp., 121 F.3d 58, 69 (2d Cir. 1997); Harper v. Wilson, 302 F. Supp. 2d 873, 882 (N.D. Ill. 2004). It is sufficient for the evidence to establish an approximation of the amount of unpaid overtime. Anderson, 328 U.S. at 688; Myers v. Copper Cellar Corp., 192 F.3d 546, 551 & n.9 (6th Cir. 1999); Harper, 302 F. Supp. 2d at 882; Herman v. Harmelech, 2000 WL 420839 *8 (N.D. Ill. April 14, 2000). If inaccuracy in recordkeeping has made it difficult to ascertain the precise hours, the employer rather than the employees must suffer the consequences. Walton v. United

Consumers Club, Inc., 786 F.2d 303, 315 (7th Cir. 1986); Skelton v. American Intercontinental University Online, ___ F. Supp. 2d ___, 2005 WL 2001281 *2 (N.D. Ill. Aug. 19, 2005); Harper, 302 F. Supp. 2d at 882. If the plaintiff satisfies this burden, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Anderson, 328 U.S. at 687-88; Reich, 121 F.3d at 69; Harper, 302 F. Supp. 2d at 882.

Plaintiff Ponce testified that, beginning in 1999,[1] he worked as a chef seven days a week from 5:00 a.m. to 2:00 p.m. He took a short lunch break. Palma testified that he worked nine-hour days six days a week, less any meal break. As a cook, Palma worked ten-hour days on Sundays and nine-hour days five other days of the week Ramirez testified he worked from 11:00 a.m. to 9:00 p.m. six days a week, and occasionally seven days a week. Gonzalez states he worked 48 to 50 hours per week. Except for Gonzalez, each plaintiff's testimony is, by itself, sufficient to meet that plaintiff's burden and shift the burden to defendants. See Bueno v. Mattner, 829 F.2d 1380, 1387 (6th

---

[1] Defendant points to evidence that Ponce did not begin working at Dapper South until May 2001. That evidence consists of a "Master List" payroll record listing Ponce's start date. Nothing is presented to establish that the start dates on that business record were accurately kept. Ponce's own testimony and the testimony of other employees establish that he began working at Dapper South prior to 2001. There is no genuine factual dispute regarding whether Ponce was working at Dapper South in 1999.

Cir. 1987), cert. denied, 486 U.S. 1022 (1988); Williams v. Tri-County Growers, Inc., 747 F.2d 121, 128 & n.13 (3d Cir. 1984); Wales v. Jack M. Berry, Inc., 192 F. Supp. 2d 1269, 1290-91 (M.D. Fla. 1999); McLaughlin v. Stineco, Inc., 697 F. Supp. 436, 450 (M.D. Fla. 1988). With only limited time records available, defendants cannot accurately establish the amount of hours worked by these employees. However, it must still be considered whether defendants have presented adequate evidence negating these plaintiffs' evidence such that a genuine factual dispute exists regarding whether any of these plaintiffs worked overtime.

Gonzalez is different. The other plaintiffs testified regarding particular schedules that they followed. The other plaintiffs identified particular hours that they worked and the days of the week that they worked. Gonzalez only provides the conclusory statement that he "worked between 48 and 50 hours per week." Such a conclusory statement is insufficient to meet Gonzalez's burden of providing evidence from which a reasonable inference may be drawn that he worked overtime. Gonzalez is not entitled to summary judgment.

In attempting to negate plaintiffs' evidence, defendants rely in part on the testimony of defendant Mantas regarding the hours worked by each plaintiff. As to Ponce, Mantas testified that Ponce generally worked from 5:30 a.m. to 10:00 a.m. six days a week. Mantas testified that Ponce's duties were as a soup chef whose duties should only take three hours a day and certainly not

seven hours. Defendants also point to Ponce's statement to a Department of Labor investigator that he worked six days per week from 5:30 a.m. to between noon and 1:00 p.m.[2] Defendants additionally point to limited time and payroll records supporting that Ponce did not work overtime in those weeks. Plaintiffs contend that Mantas's testimony is not credible and therefore should be disregarded. They point to internal inconsistencies in Mantas's testimony. They also point to the fact that some of the time records that do exist are inconsistent with Mantas's testimony that Ponce worked from 5:30 a.m. to 10:00 a.m. and that he did not work seven days a week. They also point to testimony that Mantas paid a fixed salary regardless of hours worked and therefore did not pay close attention to the hours actually worked. While a jury certainly could find Mantas to be noncredible, his statements are not so incredible that no reasonable factfinder could give any credence to the statements. Also, Ponce himself made an inconsistent statement to the Department of Labor investigator. On the evidence before the court, a genuine factual dispute exists as to the estimated

---

[2] Ponce objects to the admission of a Department of Labor "Employee Personal Interview Statement" form that records an interview of Ponce because it is not a sworn statement. The document, however, is admissible as a record or report of a government agency. See Fed. R. Evid. 803(8). As such, the document was admissible to show the statement was made by Ponce. White v. McEwing, 1991 WL 214079 *2 (N.D. Ill. Oct. 15, 1991). As against Ponce, that statement is admissible nonhearsay because it is an admission of a party-opponent of defendants. See Fed. R. Evid. 801(d)(2)(A).

number of hours Ponce actually worked as well as whether, during any particular week, he worked overtime. Ponce is not entitled to summary judgment.

As to Palma, Mantas testified that he worked seven-hour days five days a week. Defendants also point to one two-week period where payroll records support that Palma worked a total of 40 hours. As with Ponce, Mantas's testimony is not so incredible that a reasonable factfinder must absolutely reject it. A genuine factual dispute exists as to whether Palma worked overtime. Therefore, Palma is not entitled to summary judgment.

Ramirez testified that he worked ten-hour days six or seven days per week. A factual dispute exists as to whether Ramirez's employment ended in January or March 2003. Mantas testified that he worked seven- or eight-hour days five days a week. Defendants admit that, for a six-month period ending in January 2003, the Department of Labor found that Ramirez worked 45 hours per week and calculated that Ramirez was owed $692.90. Defendants provide evidence that a check covering this amount, less withholding, was provided to Ramirez. Ramirez testified that he never received any payment for this overtime. A genuine factual dispute exists as to whether Ramirez actually worked overtime and also as to whether he has already been paid a portion of possible overtime.[3]

---

[3]Neither side presents any legal argument as to whether the finding of the Labor Department regarding the six-month period is binding on either party.

No plaintiff is entitled to summary judgment as to liability. Genuine factual disputes exist as to the amount of hours actually worked by each plaintiff. Since genuine factual disputes exist as to liability, there is no basis for presently considering the issue of liquidated damages or willfulness.

The parties will be required to submit a final pretrial order. In the meantime, the parties should consider settlement and will be referred to a magistrate judge to conduct a settlement conference. Before appearing before the magistrate judge, each party shall provide a written calculation of the amounts in actual dispute, including any claims for costs and attorney fees.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to amend the docket to reflect that Jorge Palma, Delfino Ramirez, and Guadalupe Gonzalez are also plaintiffs in this action. See Docket Entries [2], [20], and [26]. Plaintiffs' motion for summary judgment [42] is denied. This case will be referred to a magistrate judge to conduct a settlement conference. The parties shall report on status on October 19, 2005 at 11:00 a.m.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 14, 2005