IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SALVADOR PONCE, on behalf of himself and all other employees similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 03 C 6123 |
| TIM'S TIME, INC., *et al.*, | ) ) | Magistrate Judge Keys |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT
OF PLAINTIFFS' MOTIONS *IN LIMINE*

Plaintiffs, Salvador Ponce, Jorge Palma, Delfino Ramirez, Guadalupe Gonzales, by their attorneys, file this memorandum in support of their motions *in limine* requesting that Defendant be barred from offering or soliciting any evidence or testimony, or making any statements, directly or indirectly, in the presence of the jury regarding certain issues at trial, and in support state as follow:

**A.    Motions *In Limine* 1: Immigration and Citizenship Status of Plaintiffs, Including Ancillary Matters**

During the course of discovery, Defendants' counsel attempted to elicit testimony from Plaintiffs regarding social security numbers, and Defendant Mantas has testified in his deposition regarding "fake" Social Security numbers used by some Plaintiffs. This is an apparent effort to determine and use the immigration status of certain Plaintiffs. Evidence regarding the immigration status of Plaintiffs, or evidence meant to suggest an undocumented status, is not relevant to the claim of non-payment of earned overtime wages.

Evidence not relevant is not admissible. Fed.R.Evid. 402. Evidence is relevant where it makes the existence of a consequential fact at issue more or less likely. Fed.R.Evid. 401; *United Healthcare v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 573 (8th Cir. 1996). Even if logically relevant, evidence may be excluded where the danger of unfair prejudice, confusion of the issues or the risk of misleading the jury substantially outweighs the probative value. Fed.R.Evid. 403;

An undocumented worker is an "employee" under the Fair Labor Standards Act. *Patel v. Quality Inn South*, 846 F.2d 700, 705-06 (11th Cir. 1988); *Vega v. Contract Cleaning Maintenance, Inc.,* No. 03-9130, slip op. at 10 (N.D. Ill. Jan. 31, 2005). Consequently, evidence at trial of the immigration status of an employee can only serve to engender unfair prejudice. Furthermore, the admission of evidence of immigration status would chill the vindication of rights under the FLSA, as a number of courts have held in related circumstances. *Rivera v. NIBCO, Inc.,* 364 F.3d 1057, 1064-66 (9th Cir. 2004)(discovery as to employees' social security numbers and immigration status in Title VII case constitutes substantial burden on employees and chilling effect on public interest of vindication of civil rights laws sufficient to warrant protective order); *Flores v. Albertsons, Inc.*, 2002 U.S. Dist LEXIS 6171 at * 18-19 (C.D. Cal. Apr. 9, 2002)(denying motion to compel immigration information); *Singh v. Jutla & C.d. & R Oil, Inc.*, 214 F. Supp. 2d 1056 (N.D. Cal. 2002); *Zeng Liu v. Donna Karan International, Inc.*, 207 F. Supp 2d 191 (S.D.N.Y. 2002)(denying motion to compel such immigration information); and *Cortez v. Medina's Landscaping*, 2002 U.S. Dist. LEXIS 18831 (N.D. Ill. Sept. 30, 2002)(denying motion to compel immigration information); *EEOC v. Bice of Chicago,* Case No. 04 C 2708 (Minute Order Dated July 18, 2005)(barring "all discovery relating to the charging parties' immigration status" in Title VII case); *and see Del Rey Tortilleria, Inc. v. NLRB*, 976

F.2d 1115, 1122 n.7 (7th Cir. 1992)(distinguishing between worked and unworked wages).

    B.    **Motion *In Limine* 2: Plaintiffs' Tax Returns or Whether Plaintiffs Filed Returns**

Similarly, evidence of Plaintiffs' tax returns, or whether such returns have been filed, is not relevant to this overtime wage case. Any tangential probative value such evidence might have would be substantially outweighed by unfair prejudice that would result from its introduction. *See Flores v. Albertsons, Inc.*, 2002 U.S. Dist LEXIS 6171 at * 9 (C.D. Cal. Apr. 9, 2002)(*in terrorem* effect of producing tax returns).

Further, Defendant Mantas admitted in his deposition that he regularly paid his employees cash. Ex. 1, Mantas Dep., 42:14-23. He likewise admitted that the cash he pays to employees is not reported to the taxing authorities as income to those employees. *Id.* at 45:17-20. Thus, the tax documents created by Defendants do not accurately reflect the wages paid to Plaintiffs.

    C.    **Motion *In Limine* 3: Any Affirmative Defenses**

A defendant shall raise every defense in the responsive pleading, except as to certain defenses that may be raised by motion. Fed.R.Civ.P. 12(b); *Venters v. City of Delphi,* 123 F.3d 956, 968 (7th Cir. 1997). An affirmative defense must be pleaded, or it will be considered waived. *Metropolitan Housing Development Corp. v. Village of Arlington Heights,* 558 F.2d 1283, 1287 (7th Cir. 1977) *cert. den.* 434 U.S. 1025 (1978).

Defendants have failed to assert any affirmative defense. The initial answer of Defendant Tim's Time, Inc., was filed September 25, 2003, and Defendants' answer to the first amended complaint was filed on April 26, 2004. The last Plaintiff to join the lawsuit filed his consent on May 19, 2004. Discovery closed in the case in December 2004.

**MEMORANDUM IN SUPPORT
OF PLAINTIFFS' MOTIONS *IN LIMINE***     **PAGE 3**

Defendants have had nearly two years to seek to amend their answer, should they have wished to assert an affirmative defense. Discovery has long since closed. Any attempt by Defendants to raise any affirmative defense on the eve of trial would be highly prejudicial to Plaintiffs. *Venters*, 123 F.3d at 969 ("if Rule 8(c) is not to become a nullity, we must not countenance attempts to invoke such defenses at the eleventh hour, without excuse and without adequate notice to the plaintiff.")

WHEREFORE, Plaintiffs respectfully request that this Court bar Defendants from offering or soliciting any evidence or testimony, or making any statements, directly or indirectly, in the presence of the jury regarding the above issues.

        Respectfully submitted,

        SALVADOR PONCE, JORGE PALMA,
        DELFINO RAMIREZ, GUADALUPE GONZALES

        /s/ Jamie G. Sypulski
        Jamie G. Sypulski
        One of the Attorneys for Plaintiff

Jamie G. Sypulski
Law Office of Jamie G. Sypulski
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603
312/360-0960

Douglas M. Werman
Christopher J. Williams
Werman Law Office, P.C.
77 West Washington, Suite 1815
Chicago, Illinois 60602
312/419-1008